This was a cross action tried with the preceding, [Goodwin v. The C. Durant, Case No. 5,552,] brought by the owners of the C. Durant to recover $30 for towing the vessel to sea.

HELD BY THE COURT: That the court has jurisdiction of the action. The terminus of the service in fact happened within the exterior boundaries of the state, but the contract was indefinite as to distance, and required that the steamer should tow the bark far enough out on the high seas to enable her to clear herself from the shore, and was accordingly in principle not confined to a place within the state. Its meaning, as well as its terms, looked to placing the bark fully and effectually at sea. It was, therefore, a maritime contract. The merits of the controversy as to the damage to the bark were decided in the previous case.

Decree, therefore, for libellants for $30, with interest from the commencement of the action, the day of the contract not having been proved.

BETTY CARTHCART, The, (MOODIE v.) See Case No. 9,742.

## Case No. 1,375.

### BETTY v. DENEALE.

[2 Cranch, C. C. 156.][1]

Circuit Court, District of Columbia. Nov. Term, 1818.

SLAVERY—DEED OF MANUMISSION—DATE.

A deed of manumission, when acknowledged and recorded, relates to the time of its execution.

THE COURT (THRUSTON, Circuit Judge, absent) decided that the deed of manumission, in this case, when it was acknowledged and recorded according to law, related back to the time of its execution.

BEVAN, (UNITED STATES v.) See Case No. 14,588.

BEVANS, (MONTGOMERY v.) See Case No. 9,735.

BEVANS, (UNITED STATES v.) See Case No. 14,589.

## Case No. 1,376.

### BEVERLEY v. BEVERLEY.

[2 Cranch, C. C. 470.][1]

Circuit Court, District of Columbia. May Term, 1824.

NEGOTIABLE INSTRUMENTS—DEMAND AT PLACE OF PAYMENT—ACTION AGAINST MAKER.

When a place of payment is inserted in the body of a promissory note, it is not necessary,

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

in an action by the payee against the maker, to prove a demand of payment at the place named in the note.

At law. Debt upon a promissory note made by the defendant, [Peter R. Beverley,] to the order of the plaintiff, [James B. Beverley,] for $150.33, at ninety days, dated at Alexandria, D. C., August 21, 1822, payable in the Union Bank of Georgetown. The declaration, which was in debt, after setting out the note, avers that the defendant did not, ninety days after the date of the note, pay to the order of the plaintiff, in the Union Bank of Georgetown, the said sum of $150.33, wherein action accrued to the plaintiff to demand and have of the defendant the said sum of $150.33; yet, though often requested, the defendant hath not paid the same, nor any part of it to the plaintiff, etc., but refuses, etc., to the damage of the plaintiff, $100, etc. Judgment was confessed by the defendant, with leave to move the court to strike it out. [Motion to strike out the judgment overruled.]

C. C. Lee, for the defendant, now moved to strike it out, contending, that when a place of payment is inserted in the body of the note, a demand of payment at that place is necessary, in order to put the maker in default, and give the plaintiff a right of action. The declaration avers that the defendant promised to pay in the Union Bank, but does not aver that payment was ever demanded in that bank. Poth. Obl. 139; Chit. Bills, (Am. Ed.) 321; Sanderson v. Bowes, 14 East, 500; Borrodaile v. Middleton, 2 Camp. 53; Bowes v. Howe, 5 Taunt. 30, 35; Com. Dig. tit. "Condition," G. 9, pl. 4; 1 Saund. 32; Morton v. Lamb, 7 Term R. 125; Roche v. Campbell, 3 Camp. 247; Nicholls v. Bowes, 2 Camp. 498; Foden v. Sharp, 4 Johns. 183; Lang v. Brailsford, 1 Bay, 222.

Mr. Mason, contra.

When shall the demand be made, at or in the bank? The plaintiff was not obliged to demand payment the moment the note was payable. He may yet demand it there. If the plaintiff's cause of action does not accrue until the plaintiff shall have so demanded payment, the statute of limitations has not yet begun to run upon this note. Judge Dade, in Virginia, decided that such a demand was not necessary to charge the maker, who is liable everywhere, and at all times, within the time of limitation.

THE COURT overruled Mr. Lee's motion, and refused to set aside the judgment.

See Ruggles v. Patten, 8 Mass. 480; Herring v. Sanger, 3 Johns. Cas. 71; Woodbridge v. Brigham, 12 Mass. 403; Berkshire Bank v. Jones, 6 Mass. 524; 1 Saund. 33; Carter v. Ring, 3 Camp. 459; Capp v. Lancaster, Cro. Eliz. 548; Co. Litt. 210b; Com. Dig. tit. "Condition," G, 9.